INTERNATIONAL UNION OF OPERATING ENGINEERS–EMPLOYERS CONSTRUCTION INDUSTRY PENSION, WELFARE AND TRAINING TRUST FUNDS, Plaintiff–Appellant,

v.

Richard D. KARR, d/b/a/ Alaska Unlimited Company, Defendant–Appellee.

No. 91–35846.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 1993.

Decided June 4, 1993.

Kim Williams, Davies, Roberts & Reid, Seattle, WA, for plaintiff-appellant.

C. Craig Holley, Barokas & Martin, Seattle, WA, for defendant-appellee.

Before: WRIGHT, ALARCON and BEEZER, Circuit Judges.

ALARCON, Circuit Judge:

International Union of Operating Engineers–Employers Construction Industry Pension, Welfare and Training Trust Funds ("Trusts") appeal from the order granting summary judgment in favor of Richard D. Karr, doing business as Alaska Unlimited Company ("AUC"). The Trusts seek reversal of the order dismissing their claims on two grounds. First, the Trusts contend that the doctrine of res judicata is inapplicable to this action, because a claim to recover accurate payments is separate and distinct from a claim to collect delinquent payments for the same time period. Second, the Trusts argue that it would be inequitable to bar an action by an employee benefit trust fund to recover accurate contributions from an employer. The Trusts argue that as a separate entity from both the union and the employer, they had no knowledge of the inaccurate payments at the time they brought the earlier claims for delinquent contributions. We affirm because we conclude that the Trusts' action is barred by the doctrine of res judicata.

I.

PERTINENT FACTS AND
PROCEDURAL
HISTORY

The Trusts are unincorporated associations operating as employee benefit trust funds

under section 302 of the Labor Management Relations Act, 29 U.S.C. §§ 141–187 and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. The Trusts were created to provide retirement, medical, and training benefits to eligible employees. Richard D. Karr operates a construction company in Fairbanks, Alaska, and does business as AUC.

From January 1, 1986, through December 31, 1988, AUC and Locals 302 and 612 of the International Union of Operating Engineers ("Union") were parties to a collective bargaining agreement and several Trust Agreements established under ERISA. The Trust Agreements required AUC to file timely reports and to make monthly contributions to each of the Trusts for the benefit of eligible employees. The Trust Agreements granted the Trusts the right to recover liquidated damages, interest, and attorneys' fees incurred in collecting any unpaid contributions from participating employers. They further permitted the Trusts to audit the payroll records of a participating employer "on demand." Under the terms of the Trust Agreements, the employer was required to assume the costs of an audit if it revealed that he or she had failed to comply with the terms of the collective bargaining agreement.

On May 29, 1986, the Trusts filed an action against Karr under section 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132(e)(1) and (f), and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to collect delinquent contributions for the periods May 1, 1985 through September 30, 1985, and November 1, 1985, through May 31, 1986. The Trusts also sought liquidated damages, interest and costs. While that action was pending, the Trusts filed a motion to compel an audit of AUC's payroll records. On June 28, 1988, the district court entered an order granting the Trusts' motion. The Trusts subsequently entered into a settlement agreement with AUC without conducting an audit. In the settlement agreement, AUC agreed to pay the Trusts $51,596.86 in exchange for the dismissal of the action with prejudice. The settlement agreement did not contain a reservation of the right to bring an action for any additional payments dis-closed by an audit to be due as a result of the employer's inaccurate payments for the same time period. On August 9, 1988, the district court entered an order dismissing the action with prejudice.

In October, 1987 and again in September, 1988, the Trusts requested Karr to submit to an audit of AUC's payroll records. Karr refused to comply with the first request due to the ongoing litigation in the first action. Karr also refused to comply with the September, 1988 request because the Trusts failed to notify him of their intent to audit, as required in the Trust Agreements.

On March 21, 1989, the Trusts filed a second action against Karr to collect delinquent contributions for July through October, 1988, and to recover liquidated damages, interest, attorneys' fees, and costs. Notwithstanding Karr's refusals to comply with the Trusts' prior requests for an audit, the Trusts did not include a claim in this action to compel an audit of AUC's payroll records.

The parties settled the second action on June 28, 1989. Karr agreed to pay $15,000 to the Trusts in three monthly installments. The Trusts did not reserve the right in the settlement agreement to collect sums that might later be found to be due and owing under the Trust Agreements for the same time period. Karr subsequently made the three installment payments contemplated under the settlement agreement. On July 21, 1989, the district court entered an order dismissing the second action with prejudice.

In 1990, the Trusts attempted to audit AUC for the period January, 1986, through December, 1988. Karr refused to provide the Trusts with complete payroll records with which to conduct the audit. On August 24, 1990, the Trusts filed the present claims to compel an audit of AUC for the period January 1, 1986, through March 21, 1989, and to collect any funds found to be due and owing under the Trust Agreements.

The district court granted summary judgment in favor of Karr. The court determined that the present claim for accurate contributions was barred because it arose out of the same transaction as the first two actions for delinquent payments.

## II.

## RES JUDICATA

■ The Trusts contend that the district court erred in holding their action barred by the doctrine of res judicata. The Trusts argue that the present action to compel an audit and to recover funds found by the audit to be owed under the Trust Agreement, is separate and distinct from the prior actions to collect delinquent contribution payments owed under the Trust Agreement for the same time periods. We review an order granting summary judgment de novo. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir.1992). We review de novo the district court's determination that an action is barred by the doctrine of res judicata. *Id.*

The doctrine of res judicata bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action, if the prior suit concluded in a final judgment on the merits." *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir.1980).

■ The Trusts' request to compel an audit of AUC's payroll records for January 1, 1986 through April 12, 1988, was presented to the district court in the first action. As previously noted, the Trusts filed an action against AUC to recover delinquent payments on May. 29, 1986. While that action was pending, the Trusts filed a motion on April 12, 1988 to compel an audit of AUC. The district court granted the motion. After the parties entered into a settlement agreement, the district court dismissed the entire action with prejudice. The dismissal of the action with prejudice constitutes a final judgment on the merits, and prevents the Trusts from reasserting the same claim in a subsequent action against AUC. *See Lawrence v. Steinford Holding B.V. (In re* Dominelli), 820 F.2d 313, 316–17 (9th Cir.1987) (dismissal of action with prejudice pursuant to a settlement agreement constitutes a final judgment on merits and precludes parties from reasserting the same claim in a subsequent action). Thus, we hold that the Trusts' claim to recover accurate payments for the periods January 1, 1986 through April 12, 1988, the filing date of the Trusts' motion to compel an audit, is barred by the doctrine of res judicata.

■ The Trusts' second action, filed on March 21, 1989, did not include a claim to compel an audit. We must decide whether the Trusts' present claim to compel an audit for the period April 13, 1988, through March 21, 1989 could have and should have been brought in the Trusts' second action to recover delinquent payments. In determining whether successive claims constitute the same cause of action, we consider

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir.), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982). "The last of these criteria is the most important." *Id.* at 1202 (footnote omitted).

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 970, 122 L.Ed.2d 125 (1993). We are persuaded that the Trusts' claim for accurate payments arises out of the same transactional nucleus of facts as the prior actions for delinquent payments. The Trusts' second action was premised on AUC's alleged breach of the same Trust Agreements and involved overlapping time periods with this present action. We have held that claims based on a breach of the same contract should be brought in the same action so long as the alleged breaches antedate the original action. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir.1986) (holding plaintiff's action for breach of contract was barred under doctrine of res judicata because breach arose prior to filing of original action for breach of contract). *See also* Restatement (Second) of Judgments

§ 25 cmt. b, illus. 2 (illustrating that all contractual breaches arising prior to filing of original action for breach of contract must be brought in same action to avoid bar of res judicata).

We further conclude that the claim for accurate payments and the claim for delinquent payments form a convenient trial unit. The Trust Agreements permitted the Trusts to conduct an audit of AUC's payroll records "on demand." Thus, the Trusts had the opportunity to audit AUC's payroll records and bring their claims for accurate and timely payments in the same cause of action. If, as the Trusts suggest, AUC refused to allow the Trusts to conduct their audit, the Trusts could have brought their claim to *compel* an audit and to recover underpaid contributions found by the audit in the same action as their prior claims for delinquent payments. Indeed, that is exactly the course of action pursued by the Trusts in the first action to recover delinquent payments.

Citing *Costantini*, 681 F.2d at 1202, the Trusts argue that we must reverse because the present action for accurate payments involves infringement of a different right than the prior action to collect delinquent payments. We disagree. The Trust Agreements conferred upon the Trusts the right to receive *proper* monthly contributions from the employer. *May v. Parker–Abbott Transfer and Storage, Inc.*, 899 F.2d 1007, 1010 (10th Cir.1990). This single right under the contract inherently assumes that the employer's contributions will be "both accurately computed and timely paid." *Id.*

The Trusts further argue that res judicata should not bar this action because the evidence in this action is not substantially the same as that which would have been presented in the settled actions. *See Costantini*, 681 F.2d at 1202 (whether substantially the same evidence will be presented in both actions is a factor we may consider in determining the applicability of res judicata). Karr does not dispute the Trusts' contention that the claim to recover inaccurate payments would involve different documentary evidence than a claim to recover delinquent payments for the same time period. The fact that some different evidence may be presented in this action to

recover accurate payments, however, does not defeat the bar of res judicata. We have emphasized that the factors cited in *Costantini* are "tools of analysis, not requirements." *Derish v. San Mateo–Burlingame Bd. of Realtors*, 724 F.2d 1347, 1349 (9th Cir.1983). We have previously applied the doctrine of res judicata on the ground that the two claims arose out of the same transaction, without reaching other factors cited in *Costantini*. *See, e.g., C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir.1987) (without reaching the other *Costantini* factors, we held second claim barred by res judicata solely on the ground that it arose out of the "same transactional nucleus of facts" as the original suit); *Ulloa*, 958 F.2d at 871 (holding that "[t]he test for whether a subsequent action is barred is whether it arises from the same transaction, or series of transactions as the original action") (citation and internal quotation marks omitted); *Sidney v. Zah*, 718 F.2d 1453, 1459 (9th Cir. 1983) (citing with approval transactional approach of Restatement (Second) of Judgments § 24 (1982), and noting that whether the claim "arise[s] out of the same transactional nucleus of facts [is] the criteria most stressed in our decisions") (citation and internal quotation marks omitted). Because the Trusts' claim to recover accurate payments from April 13, 1989 through March 21, 1989 arises out of the same transactional nucleus of facts as the Trusts' second action for delinquent payments, we hold that this action is barred under the doctrine of res judicata.

■ The policies underlying res judicata support our conclusion. The doctrine of res judicata "is motivated primarily by the interest in avoiding repetitive litigation, conserving judicial resources, and preventing the moral force of court judgments from being undermined." *Haphey v. Linn County*, 924 F.2d 1512, 1518 (9th Cir.1991), *rev'd in part on other grounds*, 953 F.2d 549 (9th Cir.1992) (en banc). For this reason, res judicata bars not only all claims that were actually litigated, but also all claims that "could have been asserted" in the prior action. *McClain*, 793 F.2d at 1033. Because the audit claim in this matter could have been brought in the prior actions, the district court properly avoided

piecemeal litigation by invoking the doctrine of res judicata.

In a case involving a strikingly similar ERISA dispute between a trust fund and an employer, the Tenth Circuit held that an action to compel an audit and to recover accurate contributions was barred by the doctrine of res judicata. *May*, 899 F.2d at 1010. In *May*, the trusts filed an action under ERISA to collect delinquent contributions, liquidated damages, interest, attorneys' fees, and costs. After the parties negotiated a settlement, the district court dismissed the action with prejudice. *Id.* at 1008. Later, the trust fund informed the employer that it intended to audit its payroll records for periods preceding the filing date of the original action. *Id.* When the employer refused, the trust fund filed a second action to compel an audit and to recover monies owed due to the employer's inaccurate payments. *Id.*

The Tenth Circuit employed a transactional analysis in *May*. The court reasoned that "a contract is generally considered to be a transaction, so that all claims of contractual breach not brought in an original action would be subject to the bar of claim preclusion, so long as the breaches antedated the original action." *Id.* at 1010 (citation and internal quotation marks omitted). The court explained its holding as follows:

> The essential purpose of the one "contract" underlying this litigation (the Trust Agreement) is to provide for proper payment of monthly contributions by Parker–Abbott to the Fund. For the performance of Parker–Abbott's obligations to be complete, those contributions must be both accurately computed and timely paid. The contract provides remedies for late contributions and provides the Fund with audit powers to ensure that contributions are accurate. However, *the existence of these two provisions within the contract does not justify two separate trips to the courtroom.*

*Id.* (emphasis added).

The Trusts rely on *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 948 (D.C.Cir.1983) to support their argument that this action to recover unpaid contributions discovered during an audit is separate and distinct from the earlier actions to recover delinquent payments. In *Industrial Gear*, the D.C. Circuit was faced with the same issue presented in *May*, i.e., whether the settlement agreement in an action for delinquent contribution payments bars a later action between the same parties for underpaid contributions subsequently discovered during an audit of the employer's records for the same time period. *Id.*

The D.C. Circuit held that an action to receive *accurate* payments was separate and distinct from an action to recover *delinquent* payments, even though both actions covered the same time period and arose out of the same trust agreement. *Id.* at 948–49. In holding that the second action was not barred, the D.C. Circuit explained that the first action

> alleged the *delinquency* since April 1977 of Industrial Gear's reports and payments. On the other hand, the instant suit alleges the *inaccuracy* of contributions for the audited period January 1977 to January 1981.... The fund in [the first action] did not raise the issue of the *accuracy* of reports and contributions submitted after January 1977. Indeed, not having audited the period after January 1977, the Fund had no knowledge of Industrial Gear's inaccurate payments.... Because the Fund, when the consent decree was entered, had audited Industrial Gear's payroll records only up to January 1977, it did not and could not have raised the issue of inaccurate payments beyond January 1977. We will not allow the consent decree to forever foreclose inquiry into the merits of this issue.

*Id.* (first and second emphases added).

The D.C. Circuit's analysis in *Industrial Gear* is contrary to the transactional approach to res judicata questions employed in this circuit. *See, e.g., Ulloa*, 958 F.2d at 871 (applying transactional approach to determine applicability of res judicata). The Trusts' claims for accurate and timely payments arise from the same set of facts and can be conveniently tried together. We agree with the Tenth Circuit that an action to recover accurate contributions arises from

the same transactional nucleus of facts as a prior action to recover delinquent payments and is barred under the doctrine of res judicata.

Relying on *Amaro v. Continental Can Co.*, 724 F.2d 747, 749 (9th Cir.1984), the Trusts argue that the Ninth Circuit has carved out an exception to the transactional approach to res judicata questions in cases involving labor agreements or employee pension trust fund issues. In *Amaro,* employees filed a grievance with the union alleging that their employer had laid them off in violation of a collective bargaining agreement. The arbitrator denied the grievance on the ground that the employer's conduct did not violate the collective bargaining agreement. *Id.* at 748. The employees subsequently filed a second action, alleging that the employer violated ERISA, 29 U.S.C. § 1140 by intentionally preventing them from qualifying for a pension. *Id.* We held that the ERISA claim was not barred by the arbitration ruling on the contractual claim, even though both actions arose from the same nucleus of facts. *Id.* at 749.

*Amaro* is inapposite on two grounds. First, we based our holding in that case entirely on the fact that the statutory right of recovery under ERISA was completely "independent of any collectively bargained rights." *Id. See also International Ass'n of Machinists and Aerospace Workers v. Aloha Airlines, Inc.,* 790 F.2d 727, 731 (9th Cir.) (res judicata inapplicable because statutory right to recover under federal Railway Labor Act was independent of contractual claims even though both actions shared a common nucleus of facts), *cert. denied,* 479 U.S. 931, 107 S.Ct. 400, 93 L.Ed.2d 354 (1986). The Trusts' claim, in contrast, is based entirely on the remedies provided for in the Trust Agreement. The Trusts do not point to any statutory right to compel an audit that is independent of the Trust Agreement. Furthermore, we noted in *Amaro* that the ERISA claim could not have been brought in the original action before the arbitrator, because the arbitrator did not have the authority to consider the resolution of this federal statutory issue. *Amaro,* 724 F.2d at 750. Because the ERISA claim could not have

been brought in the original action before the arbitrator, it could not have been subject to claim preclusion.

### III.

### SEPARATE CHARACTER OF EMPLOYEE BENEFIT TRUST FUNDS

The Trusts argue that the transactional approach applied in this circuit to res judicata determinations involving disputes between parties to a contract should not bar an action brought by a trust fund established under a trust agreement between a union and an employer. The Trusts point out that a trust fund is a separate and distinct entity from the employer and the union. Because it has no access to an employer's payroll records, a trust fund has no way of determining whether a contribution is accurate unless the employer consents to an audit. The Trusts argue it will place an undue burden on them to conduct an audit every time they bring an action against an employer to recover delinquent payments. We disagree.

Under the terms of the Trust Agreement, the employer is required to assume the cost of an audit. The Trusts must assume the costs of the audit only if the audit reveals that the employer has fulfilled all of his or her obligations under the Trust Agreement. We will not abandon the doctrine of res judicata simply because its application may be costly to a party whose claim proves to be groundless. A trust fund that wishes to preclude the application of res judicata to a future action based on a claim that the employers' payments have been inaccurate, can reserve that right in any agreement that results in the dismissal with prejudice of an action for delinquent payments. *See May,* 899 F.2d at 1010 (parties can draft the terms of a settlement agreement so as to alter the preclusive effect of prior judgments (citing 18 Charles A. Wright et al., *Federal Practice and Procedure,* § 4443, at 384 (1981)). In this case, however, the settlement agreements contained no provisions regarding their intended preclusive effect. We will not "supply by inference what the parties have failed to expressly provide, especially when

that inference would suspend the application of this circuit's principles of res judicata." *May,* 899 F.2d at 1011.

## IV.

## ATTORNEYS' FEES

■ Karr seeks attorneys' fees for this appeal under 29 U.S.C. § 1132(g)(1). Section 1132(g)(1) provides, in pertinent part: "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In exercising our discretion to award attorneys' fees under section 1132(g)(1), we consider:

> (1) [T]he degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Sapper v. Lenco Blade, Inc.,* 704 F.2d 1069, 1073 (9th Cir.1983) (quoting *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 452–53 (9th Cir.1980)). Karr has failed to make a showing that it is entitled to attorneys' fees under this statute. Accordingly, Karr's request to recover attorneys' fees for this appeal is DE-NIED. The district court's order granting summary judgment in favor of Karr on the ground that the Trusts' action is barred under the doctrine of res judicata is

AFFIRMED.