8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHICAGO TITLE INSURANCE COMPANY, Plaintiff-Appellee,
v.
MILESTONE INVESTMENT DEVELOPMENT & MANAGEMENT, aka Robert
Dean Financial, Defendants,
and
Alexandra V. Benny, and George I. Benny, Defendant-Appellant.
 No. 92-15930.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 20, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alexandra V. Benny appeals pro se the district court's dismissal pursuant to a settlement agreement of an action filed by Chicago Title Insurance Company ("CTI") against Benny and other defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On February 12, 1982, CTI filed the present action against Alexandra and George Benny alleging various claims arising from a check fraud scheme for which George Benny currently is serving a prison sentence. The Bennys filed counter-claims and cross-claims against CTI.
 
 
 5
 In May 1982, CTI filed an involuntary Chapter 7 bankruptcy petition against the Bennys. A trustee was appointed and the Bennys asserted several cross-claims against CTI. In April 1987, the trustee and CTI entered into a settlement agreement whereby CTI agreed to pay $1.35 million to the Bennys' bankruptcy estate in exchange for a full release from the Bennys' estate of "all actions, causes of action, costs, claims, demands and liabilities of whatever kind or nature" including all claims asserted against CTI by the Bennys in the present action. Following a hearing, the bankruptcy court approved the settlement agreement. Alexandra Benny alone appealed this decision to the district court which dismissed the appeal on the ground that she lacked standing. Both George and Alexandra Benny appealed the district court's decision to this court. We affirmed the district court as to Alexandra Benny and dismissed George Benny's appeal as untimely.
 
 
 6
 In July 1991, CTI paid to the trustee the amounts agreed upon in the settlement agreement. Pursuant to that agreement, the trustee requested the district court to dismiss all claims including the cross- and counter-claims in the present action asserted against CTI by the bankruptcy estate and the Bennys. On September 12, 1991, the district court granted this request and dismissed the claims with prejudice. In April 1992, CTI requested the district court to dismiss the present action pursuant to the settlement agreement. On May 14, 1992, the district court entered an order dismissing the action including the Bennys' cross- and counter-claims with prejudice. Alexandra Benny alone timely appeals this order.[1]
 
 II
 Merits
 
 7
 We review the district court's enforcement of a settlement agreement for abuse of discretion. Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987).
 
 
 8
 Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating all issues that were or could have been raised in that action. Robi v. Five Platters, Inc., 838 F.2d 318, 321-22 (9th Cir.1988).
 
 
 9
 Generally, dismissal of an action with prejudice pursuant to a settlement agreement constitutes a final judgment on the merits and precludes the parties from reasserting the same claim in a subsequent action. International Union of Operating Eng'rs v. Karr, 994 F.2d 1426, 1429 (9th Cir.1993).
 
 
 10
 Following the filing of a petition in bankruptcy, all legal or equitable interests of the debtor in property including any legal causes of action as of the commencement of the case become the property of the bankruptcy estate. 11 U.S.C. § 541(a)(1); Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir.1986). When the trustee in bankruptcy settles a cause of action that is the property of the bankruptcy estate, the settlement operates as res judicata to bar the debtor from bringing her own action. Lawrence v. Steinford Holding B.V. Corp. (In re Dominelli), 820 F.2d 313, 317 (9th Cir.1987).
 
 
 11
 Here, Benny's claims against CTI were compromised in the settlement reached between the trustee and CTI. This settlement agreement was approved by the bankruptcy court, and Benny's appeal of the bankruptcy court's decision to the district court was dismissed for lack of standing. We affirmed the district court's dismissal of her appeal. Benny now seeks again to challenge the settlement agreement through her appeal to this court of the district court's dismissal of the present action pursuant to that agreement. The validity of the settlement agreement was litigated in the prior bankruptcy court proceedings. Therefore, we may not now review the merits of Alexandra Benny's challenge to that agreement. See id. Furthermore, Benny's challenges to the bankruptcy court proceedings are barred by res judicata. See Robi, 838 F.2d at 321-22. Accordingly, the district court's dismissal of the present action pursuant to the settlement agreement is
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The notice of appeal was signed by Alexandra Benny for herself and for George Benny. Because Alexandra Benny is not an attorney, she may not represent George Benny. Accordingly, by order dated February 1, 1993, this court dismissed George Benny as a party to this appeal