In re Brian J. **GLENN** and Dottie **Glenn,** Debtors.

**Bankruptcy No. 90–07455–H7.**

United States Bankruptcy Court, S.D. California.

Nov. 10, 1993.

Joseph J. Rego, Escondido, CA, for debtors.

Mikel R. Bistrow, Luce, Forward, Hamilton & Scripps, San Diego, CA, for San Diego Trust & Sav. Bank.

### MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether the doctrine of res judicata bars the debtors' motion to avoid a judicial lien. This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to § 157(b)(2)(A) and (K).

### *FACTS*

In March of 1989, VSM Industries, Inc. ("VSM") obtained a judgment against the debtors, giving VSM a lien on the debtors' home. On August 30, 1990, the debtors filed their Chapter 7 petition. On September 5, 1990, the court appointed a trustee.

On October 24, 1990, the trustee objected to the debtors' homestead exemption because their homestead claim exceeded the statutory amount. After a hearing in June 1991, the

court entered an order that 1) sustained the trustee's objection; 2) allowed the debtors' homestead exemption in the statutory amount; 3) authorized the trustee to sell the debtors' residence and use the proceeds to pay off the first trust deed and the debtors' $45,000 exemption, with the balance going to the debtors' estate; and 4) found that the second trust deed on the debtors' residence was invalid.

Subsequently, the trustee and the debtors entered into a settlement whereby the debtors would purchase the residence from the estate. On November 26, 1991, the trustee filed a notice of intended action to settle his objection to the debtors' homestead exemption. The trustee sought approval to accept $3,000 from the debtors in lieu of selling the property to a third party and distributing the proceeds. The notice stated that the encumbrances against the debtors' home totalled $170,000 and included the following: 1) a trust deed in the amount of $50,000; 2) the debtors' homestead in the amount of $45,000; 3) tax liens of approximately $10,000; and 4) VSM's abstract of judgment in the amount of $65,000. The notice further stated that the trustee believed the home was worth $173,000. The trustee served the notice of intended action on interested parties, including VSM. It was unopposed. The court entered an order on February 5, 1992, that authorized the trustee to sell the home to the debtors for $3,000. The debtors paid the trustee $3,000 in accordance with that order.

On August 30, 1993, the debtors filed a motion to avoid VSM's judicial lien pursuant to 11 U.S.C. § 522(f) claiming that the lien impaired the debtors' homestead exemption under California Code of Civil Procedure ("CCP") § 704.730. San Diego Trust objected to the debtors' motion on the grounds that the issue regarding the debtors' homestead exemption was barred by the doctrine of res judicata.[1]

## DISCUSSION

■ Basic principles of res judicata bar relitigation. *In re Peoro*, 793 F.2d 1048, 1051 (9th Cir.1986). The essential elements of res judicata are as follows: 1) an identity of parties or privies in the two suits; 2) an identity of the causes of action in both the prior and subsequent suits; and 3) a final judgment on the merits was entered in the prior action. *In re Stoecker*, 143 B.R. 118, 141 (Bankr.N.D.Ill.1992); *See also In re Dominelli*, 820 F.2d 313, 316 (9th Cir.1987).

Debtors contend that the threshold requirements of res judicata have not been met. Debtors argue that the first element of res judicata has not been met because the former dispute regarding the trustee's objection to the debtors' claimed homestead exemption and subsequent settlement involved only the trustee and the debtor, and not VSM. Debtors also contend that the second element of res judicata has not been met because the former dispute and subsequent settlement did not address whether the homestead exemption could be used to avoid VSM's lien.

■ The court holds that the settlement between the trustee and the debtors operates as res judicata to bar the debtors from bringing a motion to avoid VSM's judicial lien. Contrary to the debtors' assertion, the settlement involved numerous parties besides the trustee and the debtor. Pursuant to Federal Rule of Bankruptcy Procedure 9019, the trustee gave notice of the proposed settlement to all interested parties, including VSM. Therefore, those who received notice were also parties to the settlement.

■ Moreover, the order approving the settlement should be given res judicata effect as to those issues that were decided. *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir.1986). The property's value, the amount of the liens against the property, and the amount of the debtors' claimed homestead were all issues that were decided and expressly validated through the trustee's unopposed notice of intended action to sell the property to the debtors. Had the trustee sold the property to a third party, VSM's lien

1. VSM is indebted to San Diego Trust pursuant to a loan. As security for the loan, VSM provided San Diego Trust with a security interest in essentially all of VSM's assets, including VSM's judgment against the debtors. San Diego Trust's standing to object to the debtor's motion arises out of its security interest in VSM's claims against the debtors.

would have been paid through escrow. Instead, the debtors assumed the responsibility of paying VSM's lien through their purchase of the property. Thus, VSM's legal rights were established at the time of the sale and VSM would be unfairly compromised if the court were to now allow the debtor to avoid VSM's lien.

The court finds that the lien the debtors now seek to avoid is the same lien that was the subject of the order approving the sale to the debtors. Since the sale was approved without objection, the debtors cannot now avoid the bar of res judicata merely by pleading a new legal theory to invalidate VSM's lien and renew their claim for their already allowed homestead exemption.

Lastly, it is essentially undisputed that the third element of res judicata has been satisfied. The trustee's sale of the residence to the debtors for $3,000 resulted in a settlement of the trustee's objection to the debtors' homestead exemption and amounts to a final judgment on the merits.

■ This is not to say a debtor may never be allowed the late avoidance of a lien. A key factor in allowing the late avoidance of any lien pursuant to § 522(f)(1) is whether the creditor is sufficiently prejudiced so that it would be inequitable to allow avoidance of the lien. Courts have identified certain factors for purposes of addressing the issue of prejudice to a judgment creditor whose judgment lien is sought to be avoided pursuant to § 522(f)(1).[2] Most of these factors, however, are irrelevant to this case.

It is apparent that the debtors' delay in filing the instant motion is directly related to the depreciation of their property. However, as one court noted "[c]learly the Bankruptcy Code does not envision such fluctuations in the value of an exemption. Debtors are entitled to the set amount of the exemption, no more and no less." *In re Chabot,* 992 F.2d 891, 896 (9th Cir.1993). The debtors re-

ceived the set amount of their exemption through the court authorized sale that took place over eighteen months ago. They cannot now complain.

### CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052.

2. 1) vigor with which the judgment creditors pursued the debtors prior to the filing of the bankruptcy petition, 2) communication of positions by and between debtors and judgment creditors after filing of the petition and prior to discharge, 3) motivating cause of failure to file lien avoidance complaint prior to discharge, 4) length of time between discharge and filing of lien avoidance complaint, 5) reasons for the delay in filing of lien avoidance complaint, 6) prejudice to the judgment creditors, and 7) good faith, or lack thereof, of the creditors. *Hassler v. Assimos,* 53 B.R. 453, 457 (D.C.1985).