NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1381, -1404

CHICAGO BRAND INDUSTRIAL, INC.,

Plaintiff-Appellant,

v.

MITUTOYO CORP.,

Defendant-Cross Appellant.

_____

DECIDED: February 2, 2005

_____

Before NEWMAN, CLEVENGER, and DYK, Circuit Judges.

CLEVENGER, Circuit Judge.

Chicago Brand Industrial, Inc. ("Chicago Brand") appeals the decision of the United States District Court for the Northern District of California granting a motion filed by Mitutoyo Corp. ("Mitutoyo") to dismiss Chicago Brand's complaint for a declaratory judgment that U.S. Patent No. 4,743,902 ("the '902 patent") has expired as a result of a terminal disclaimer filed during the prosecution of a parent application. See Chicago Brand Indus. v. Mitutoyo Corp., No. C-03-4648 (N.D. Cal. Apr. 14, 2004) ("Final Order"). Mitutoyo also appeals the district court's denial of its motion for sanctions. We affirm.

I

The '902 patent generally covers electrical measuring devices and is titled "Measuring Device For Capacitive Determination Of The Relative Position Of The Two With Respect To One Another Movable Parts." Mitutoyo is the exclusive licensee of the '902 patent. In 1999, Mitutoyo sued Chicago Brand for infringement of the '902 patent. Chicago Brand counterclaimed for a declaratory judgment that, among other things, the '902 patent was unenforceable after December 13, 2000, due to a terminal disclaimer that was filed during the prosecution of a parent application. On July 13, 2000, the parties agreed to a Consent Judgment and Decree that Chicago Brand infringed the '902 patent, that Chicago Brand was enjoined from further infringement during the term of the patent, and that the '902 patent expires on May 10, 2005. See Mitutoyo Corp. v. Chicago Brand Indus., Inc., No. C-99-3576 (N.D. Cal. July 13, 2000).

On October 15, 2003, Chicago Brand filed a complaint for declaratory judgment that the '902 patent had expired as a result of the terminal disclaimer filed during prosecution of the parent application. Mitutoyo moved to dismiss Chicago Brand's complaint, pursuant to the doctrine of res judicata, and to sanction Chicago Brand for filing a frivolous complaint in bad faith. The district court held that for res judicata purposes, Chicago Brand presented the same claim in its counterclaim in the 1999 suit and in its 2003 complaint. Final Order, at 5-6. The court granted Mitutoyo's motion to dismiss the complaint but denied Mitutoyo's motion for sanctions because it found that Chicago Brand filed the complaint in good faith and that the complaint was "well outside the purview of Rule 11 sanctions." Id. at 7. Both parties appealed. We have jurisdiction over the appeal and cross-appeal pursuant to 28 U.S.C. § 1295(a)(1).

04-1381, -1404                    2

II

"In reviewing procedural issues that are not unique to patent law, we apply the law of the regional circuit where appeals from the particular district court would normally lie," here the Ninth Circuit. See Beech Aircraft Corp. v. EDO Corp., 990 F.2d 1237, 1246 (Fed. Cir. 1993). The district court's determination that Chicago Brand's complaint was barred under Ninth Circuit law by the doctrine of res judicata is a mixed question of law and fact, wherein legal issues predominate. See Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir. 1998). We thus review the district court's decision de novo. See Headwaters Inc. v. U.S. Forest Serv., 382 F.3d 1025, 1028 (9th Cir. 2004). We also review the district court's denial of a motion for sanctions under Rule 11 for abuse of discretion. See Larez v. Holcomb, 16 F.3d 1513, 1521 (9th Cir. 1994).

III

The doctrine of res judicata, also known as claim preclusion, provides that a final judgment on the merits of a previous claim bars further claims by a party based on the same cause of action. See In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997); see also Restatement (Second) of Judgments, §§ 18-19 (1982). The elements necessary to establish res judicata are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003). The district court was clearly correct in finding the latter two requirements satisfied in this case, as resolution of the 1999 dispute between Mitutoyo and Chicago Brand via a Consent Judgment and Decree constituted a final judgment on the merits of the claims and counterclaims and precludes the parties from reasserting the claims addressed therein in any subsequent

action.  See In re Dominelli, 820 F.2d 313, 316-17 (9th Cir. 1987).  The present dispute thus turns on whether there now exists an identity of claims with the 1999 suit.

> The relevant factors for determining whether an identity of claims exists include:
>
> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Headwaters, 382 F.3d at 1029 (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).  We find that the two claims at issue—Chicago Brand's counterclaim in the 1999 suit and its present complaint—satisfy each of these factors.  Both claims stem from the terminal disclaimer filed during the prosecution of the parent application.  And in both, Chicago Brand sought a declaration that Mitutoyo could not enforce the '902 patent after December 13, 2000.

Chicago Brand argues that the court's reference to the May 10, 2005, date in the Consent Judgment and Decree was dictum and that neither party could adjudicate the expiration date of the '902 patent at the time the Consent Judgment and Decree was entered.  If the expiration date of the '902 patent was not an issue that could have been litigated in the 1999 suit, Chicago Brand would be correct in asserting that it cannot be issue precluded on an issue that was non-existent in the earlier suit.  In the Consent Judgment and Decree, the district court found that Chicago Brand infringed the '902 patent and enjoined it from further infringement for the remainder of the term of the patent.  The court then identified May 10, 2005, as the end of the '902 patent term and thus the end of the injunction.  Far from dictum, the court's identification of the expiration date of the injunction was a necessary part of the agreed-to ruling.  Indeed, with the

predicate judgment that the '902 patent is not invalid but was infringed and that Chicago Brand is to be enjoined from further infringement, the time assigned to the injunction is a live issue that Chicago Brand could have litigated in the 1999 case. Instead, it chose to agree to an expiration date for the patent, and therefore for the injunction—a date it now seeks to avoid, but cannot because of res judicata.

We have considered and find without merit the remaining arguments raised by Chicago Brand, as well as those raised by Mitutoyo regarding its motion for sanctions.

IV

In sum, we hold that the principles of res judicata require that Chicago Brand now live with its earlier agreement in the Consent Judgment and Decree that the '902 patent expires on May 10, 2005. We affirm the district court's decision in its entirety.