**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES DARELL SMITH, | No.   22-35658 |
| Plaintiff-Appellant, | D.C. No. 1:22-cv-00030-CL |
| v. | |
| JAMES K. HEIN; TRANSITION PROJECTS, INC.; HOME FORWARD OF MULTNOMAH COUNTY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 18, 2023[**]

Before:    SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

James Darell Smith appeals pro se from the district court's judgment dismissing his action alleging disability discrimination under federal statutes and attempting to challenge a prior state court judgment. We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6), and we can affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed as precluded the claims against defendant Home Forward of Multnomah County because in a prior state court action between the same parties, these claims were dismissed with prejudice pursuant to a settlement agreement. *See Lawrence v. Steinford Holding B.V. (In re Dominelli)*, 820 F.2d 313, 316-17 (9th Cir. 1987) (dismissal of action with prejudice pursuant to a settlement agreement constitutes a final judgment on merits and precludes parties from reasserting the same claim in a subsequent action).

Dismissal of the claims against defendants Hein and Transition Projects, Inc. was proper because these claims are barred by the two-year statute of limitations. *See* 42 U.S.C. § 3613(a)(1)(A) (two-year statute of limitations for claims under the Fair Housing Act); Or. Rev. Stat. § 12.110(1) (two-year statute of limitations for personal injury claims); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (for Americans with Disabilities Act claims, courts apply the statute of limitations for the most analogous state law); *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 823 n.11 (9th Cir. 2001) (same for Rehabilitation Act claims).

22-35658

The district court did not abuse its discretion by denying Smith's request for appointment of counsel. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (concluding that no "exceptional circumstances" justified appointing counsel because the plaintiff was unlikely to succeed on the merits and had been able to articulate his legal claims in light of the complexity of issues involved).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motion for judicial notice (Docket Entry No. 22) is granted.

Smith's motion to file two reply briefs (Docket No. 42) is granted. The court has considered the reply briefs (Docket Nos. 37 and 43).

**AFFIRMED.**