ESTATE OF John Marvin BLAS, Through Mildred CHARGUALAF, personal representative, Plaintiff/Appellant,

and

Mark E. Griffin, Guam Legal Services Corp., Appellant,

v.

Paul WINKLER, M.D., Defendant/Appellee.

No. 85–1983.

United States Court of Appeals, Ninth Circuit.

Submitted March 27, 1986.*

Decided June 19, 1986.

As Amended July 3, 1986.

* This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 3(f).

Mark E. Griffin, Portland, Or., for plaintiff/appellant.

Richard Pipes, Carbullido & Pipes, Agana, Guam, for defendant/appellee.

Before FERGUSON, CANBY, and HALL, Circuit Judges.

FERGUSON, Circuit Judge:

Plaintiff's counsel, Mark Griffin, appeals from the district court's imposition of sanctions on him personally for filing a motion to reconsider. Plaintiff asked the district court to reconsider its denial of plaintiff's request for attorney's fees for successfully obtaining a discovery order compelling the defendant to answer requests for admissions. The district court concluded that the motion to reconsider was an unreasonable and vexatious multiplication of proceedings and, pursuant to 28 U.S.C. § 1927, awarded attorney's fees and costs to the defendant. We reverse.

### I.

On June 7, 1984, plaintiff served defendant with forty-five requests for admissions. Defendant objected to seventeen requests, and on August 21, 1984, plaintiff filed a motion to determine the sufficiency of six of these objections. Although Griffin signed the last page of the combined motion and supporting memorandum, he failed to sign immediately following the motion itself. After a hearing on the motion, the district court concluded that the failure to sign the motion violated Fed.R.Civ.P. 11's certification requirement and granted defendant's motion to strike the plaintiff's motion.

Plaintiff then filed a nearly identical motion, which Griffin signed immediately following the motion, and requested attorney's fees pursuant to Fed.R.Civ.P. 36 and 37. Defendant opposed the motion and requested attorney's fees for defending against both motions, but presented no basis for the fees request. The court granted plaintiff's motion with respect to the sufficiency of four objections.[1] After the court's decision, both parties submitted affidavits substantiating their expenses for the motions. Without further argument or briefing from the parties, the court denied both attorney's fees requests. The court stated that the defendant's answers were

---

1. After plaintiff filed the second motion, defendant filed an amended reply to one request for admission. The court has not ruled on the remaining disputed objection.

clearly insufficient and that plaintiff probably would prevail on a Rule 37 attorney's fees hearing. However, the court denied plaintiff's request for attorney's fees, reasoning that defendant was entitled to costs because plaintiff failed to comply with Rule 11 in the first motion, and "the award of costs to one would necessitate a similar award to the other."

On January 4, 1985, plaintiff filed a motion to reconsider the denial of attorney's fees. Plaintiff argued that Rule 11 did not permit monetary sanctions for failure-to-sign violations; that even if it did, sanctions should be assessed only against the plaintiff's attorney and not the plaintiff; that even if defendant were entitled to costs under Rule 11, the amount was excessive; and that the order was unclear regarding the reason for denying the plaintiff attorney's fees. In opposing the motion to reconsider, defendant requested attorney's fees for defending against the motion.

■ The court denied plaintiff's motion to reconsider and sanctioned plaintiff's attorney personally for filing it. The court stated that sanctions were appropriate because the attorney had "cavalierly" ignored Rule 11's requirements originally, his remarks at the hearing on the first motion to compel "bordered on arrogance and impertinence," his subsequent demands for costs pursuant to Rules 36 and 37 were an unreasonable and vexatious multiplication of proceedings, and he had engaged in a "circuitous bout of pretrial and discovery motions." Plaintiff's attorney timely appealed from the imposition of sanctions.[2]

## II.

■ Section 1927 of title 28 of the United States Code permits a federal district court to sanction an attorney personally who "multiplies the proceedings in any case unreasonably and vexatiously." A district court may impose sanctions under section 1927 only on a showing of the attorney's recklessness or bad faith. *See Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829–32 (9th Cir.1986) (comparing section 1927 with Fed.R.Civ.P. 11, which does not require bad faith); *Optyl Eyewear Fashion International Corp. v. Style Cos.*, 760 F.2d 1045, 1048 (9th Cir.1985); *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir.1983) ("[T]he mere fact that an [action] is frivolous does not of itself establish bad faith" sufficient to permit a district court to impose sanctions under section 1927.). Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, *see, e.g., Optyl Eyewear*, 760 F.2d at 1050–51, or argues a meritorious claim for the purpose of harassing an opponent, *see, e.g., Lone Ranger Television, Inc. v. Program Radio Corp.*, 740 F.2d 718, 727 (9th Cir.1984) (citing *Lipsig v. National Student Marketing Corp.*, 663 F.2d 178, 182 (D.C.Cir.1980) ).

■ We review sanctions against attorneys pursuant to 28 U.S.C. § 1927 for abuse of discretion. *Id.* at 720.

We find that Griffins' motion to reconsider asking for clarification of the order and arguing legal positions that the district court may have overlooked or not considered did not constitute an unreasonable and vexatious multiplication of proceedings. Plaintiff's motion to reconsider was not frivolous, and there is no evidence that the motion was filed in bad faith.

The district court's order denying attorney's fees is confusing because it does not explain fully the reasons for the decision. The court apparently decided that the plaintiff was entitled to discovery costs under Fed.R.Civ.P. 37, and the defendant was entitled to attorney fees under Fed.R.Civ.P. 11. The court then equated the two claims and cancelled each out.

■ Griffin correctly contends that the motion to reconsider contained four legitimate arguments.[3] First, if the district

---

2. Attorney sanctions are final orders, appealable under 28 U.S.C. § 1291. *United States v. Associ-*

*ated Convalescent Enterprises, Inc.*, 766 F.2d 1342, 1345 n. 1 (9th Cir.1985).

3. Although the denial of the motion to reconsid-

court denied plaintiff's request for attorney's fees because they were offset by defendant's costs in defending the first motion, whether Rule 11 permits such monetary sanctions is questionable. Plaintiff argued in the motion to reconsider that Rule 11 explicitly provides that the sanction for a failure-to-sign violation is to strike the pleadings. Plaintiff's argument is not frivolous. While we do not rule on its merits, plaintiff's argument is supported by the literal terms of Rule 11. Fed.R. Civ.P. 11 ("If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.").

Second, plaintiff argued that any setoff was improper because even if Rule 11 permitted monetary sanctions for failing to sign the motion, those sanctions should be assessed against the attorney, and not the plaintiff. Rule 11 sanctions for failing to sign the motion in the circumstances of this case, if permissible, must be directed against the attorney, rather than the client, who was not shown to be at fault. By denying discovery costs, the court was punishing Griffins' client, who was entitled to the discovery costs. Neither the court nor the defendant explained why the client should be so punished.

 Third, plaintiff questioned whether the apportionment of the setoff was reasonable. In the motion to reconsider, the plaintiff pointed out that a complete setoff equated plaintiff's award of $967.90 for discovery costs with defendant's award of $469.10. Plaintiff contends that such an apportionment was unfair. The lack of

argument and briefing on the issue in the requests for attorney's fees, at the very least, justified raising this argument.

Fourth, plaintiff contended that the order's vagueness "invited" the motion to reconsider. If the court denied plaintiff's fee request because it interpreted Rule 37 not to authorize fees or to give the court discretion to deny the request under the circumstances of the case, then the order was ambiguous and contradictory. Defendant argues that the district court denied the request because the answers to the requests for admissions were substantially justified. The order is unclear on this matter.

 Plaintiff's arguments to the district court were not frivolous. Even if plaintiff's arguments to the district court were frivolous, the requisite bad faith is absent. The record contains no evidence that this motion was a tactic to harass the defendant.[4]

 Defendant argues that the district court awarded sanctions not only for the motion to reconsider, but also for alleged misbehavior occurring before and after the motion to reconsider was filed. However, the court order stated that the sanctions were only for the motion to reconsider, even if the court may have been influenced by Griffins' previous tactics.

There is no evidence that Griffin filed the motion to reconsider in bad faith. We reverse the district court for abuse of discretion.[5]

REVERSED.

---

er is not at issue in this appeal, in judging the appropriateness of sanctions, we must necessarily examine the merits of the motion.

**4.** The defendant contends that *Lone Ranger Television, Inc.* held that advancing arguments previously raised and rejected constitutes harassment. On the contrary, that case held that rearguing previously rejected issues is not sufficient evidence of bad faith. *Lone Ranger Television, Inc.,* 740 F.2d at 726–27; *see also id.* at 727 (court affirmed the imposing of sanctions based on the attorney's clear intent to harass).

Raising previously rejected arguments may be evidence of an intent to harass in some circumstances; however, such is not the case here. The parties had not addressed previously the first three arguments, and the fourth issue arose from the court's ambiguous order.

**5.** Since we find Griffin's arguments on appeal meritorious, we deny the defendant's requests for attorney's fees and double costs for bringing this "frivolous appeal."