996 F.2d 1225
 RICO Bus.Disp.Guide 8349
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re The JNC COMPANIES, and related cases, Debtors.
David Randall JENKINS; the JNC Companies, an Arizona
corporation, et al., Plaintiffs-Appellants,
v.
Lawrence OLLASON, in his individual capacity; Arthur
Andersen & Company, a national accounting partnership; Dean
E. Bakke, individually; Fred T. Boice, individually and in
his official capacity as Trustee in Bankruptcy; Ralph E.
Seefeldt, individually; Michael M. Neal, individually;
Seefeldt, Sparks & Neal, P.C., an Arizona professional
corporation; Susan G. Boswell, individually; Streich Lang,
P.A., a professional law association; Admiral Insurance
Company, a Delaware corporation; W.R. Berkley Corporation,
a Delaware corporation; et al., Defendants-Appellees.
 Nos. 92-15678, 92-15766.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1993.*
Decided June 30, 1993.
 MEMORANDUM**
 
 1
 Before: GOODWIN, NORRIS and RYMER, Circuit Judges
 
 
 2
 David Randall Jenkins, The JNC Companies, and related partnerships (collectively "JNC")[1] appeal the district court's dismissal of their complaint alleging various misconduct by numerous defendants in connection with JNC's bankruptcy, denial of a preliminary injunction restraining defendants from taking various actions in connection with the bankruptcy, and grant of a permanent injunction restraining plaintiffs from filing further actions against these defendants regarding the matters set forth in the complaint in the present action and a previous related action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * JNC argues that Judge Lawrence Ollason is not protected by judicial immunity from liability for his order authorizing bankruptcy trustee Fred T. Boice to negotiate on behalf of The JNC Companies a plea agreement under which the company would plead nolo contendere to one count of violating Arizona criminal securities laws. JNC argues that Judge Ollason was without jurisdiction to authorize the plea agreement under the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), and that judicial immunity does not apply on its claim for injunctive relief.
 
 
 4
 * Counts Four and Five of JNC's complaint seek damages from Judge Ollason under RICO. A judge is protected from damages liability by absolute immunity unless "he acts in the 'clear absence of all jurisdiction' or performs an act that is not 'judicial' in nature." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) ( quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872) and Stump v. Sparkman, 435 U.S. 349, 360 (1978)); see also Mireles v. Waco, --- U.S. ----, 112 S.Ct. 286, 288 (1992).
 
 
 5
 Although the Arizona Court of Appeals held that the bankruptcy court did not have the power to authorize Boice to negotiate the plea agreement under Younger, see JNC Cos. v. Meehan, 797 P.2d 1 (Ariz.App.1990), Judge Ollason's action was nevertheless not clearly beyond the bankruptcy court's subject matter jurisdiction. Furthermore, the act was plainly judicial in nature. Therefore, Judge Ollason is entitled to immunity from damages liability.
 
 B
 
 6
 Count One of JNC's complaint seeks injunctive relief against Judge Ollason.[2] Judicial immunity generally does not extend to injunctive relief. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984); Ashelman, 793 F.2d at 1075. However, in view of the available legal remedies, including appeal, "a bankruptcy litigant [challenging an action of the bankruptcy court] cannot show an inadequate remedy 'at law' and a serious risk of irreparable harm, prerequisites to injunctive relief...." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1392 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). JNC manifestly fails to demonstrate these prerequisites for injunctive relief. It asserts no harm which is not correctable on appeal from the orders of the bankruptcy court. It therefore fails to state a claim for injunctive relief against Judge Ollason.
 
 II
 
 7
 All appellees other than Judge Ollason argue that the district court's dismissal was proper on the grounds of claim preclusion.[3] "The doctrine of 'claim preclusion' bars the relitigation of a claim, even if the particular theories of recovery or defenses raised in the second proceeding were not actually litigated in the first action." Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir.1986). The requirements of claim preclusion are a "final judgment on the merits ... between the same parties or their privies over the same cause of action." Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518 (9th Cir.1985). The dismissal with prejudice of the complaint in Jenkins v. Davidon, No. CV-90-00305-WDB (D.Ariz.) is preclusive of the present action.
 
 
 8
 * The dismissal in Davidon for failure to comply with Fed.R.Civ.P. 8 is a dismissal on the merits. Under Fed.R.Civ.P. 41(b), a dismissal "[f]or failure of the plaintiff ... to comply with [the Federal Rules of Civil Procedure] ... operates as an adjudication upon the merits." See also Costello v. United States, 365 U.S. 265, 286 (1961) (same); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b).").
 
 B
 
 9
 Furthermore, claim preclusion applies to all of the parties in this action, with the exception of Judge Ollason, with respect to whom dismissal was proper for the reasons stated above.
 
 1. Privity of Plaintiffs
 
 10
 All of the plaintiffs in this action were plaintiffs in Davidon or are subsidiaries or affiliates of The JNC Companies, a plaintiff in Davidon. Furthermore, all of the plaintiffs in this action were controlled by Jenkins, who was a plaintiff in Davidon, since the general partner of each partnership was Jenkins and/or The JNC Companies; and Jenkins is the majority stockholder of The JNC Companies.
 
 
 11
 Corporate relationships such as those between the plaintiffs are insufficient, without more, to establish privity for purposes of claim preclusion. See 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4460 (1981); Amalgamated Sugar Co. v. NL Indus., 825 F.2d 634, 640 (2d Cir.) (privity between shareholder and corporation), cert. denied, 484 U.S. 992 (1987); Johnson & Johnson v. Coopervision, Inc., 720 F.Supp. 1116, 1123 (D.Del.1989) (privity between corporation and wholly-owned subsidiary). However, where corporate relationships are sufficiently close to establish substantial identity of interests, privity is generally found. The court in In re Gottheimer, 703 F.2d 1136 (9th Cir.1983) held that a judgment against a controlling shareholder was binding on a corporation for purposes of issue preclusion in a bankruptcy adversary proceeding. Id. at 1139-40; see also Amalgamated Sugar, 825 F.2d at 640-41 (shareholder in privity with corporation); Robinson v. National Cash Register Co., 808 F.2d 1119, 1124 (5th Cir.1987) (controlling shareholder bound by judgment against corporation); Balbirer v. Austin, 790 F.2d 1524, 1527 n. 1 (11th Cir.1986) (corporation and its controlling shareholders are bound by a judgment against another corporation in which first corporation owns a majority interest). The extremely close relationship between Jenkins, The JNC Companies, and the JNC partnerships is sufficient to establish privity.
 
 2. Privity of Defendants
 
 12
 The defendants in this action are Judge Ollason; Fred T. Boice, the trustee of the JNC bankruptcy estates; Ralph E. Seefeldt, Michael M. Neal, and Seefeldt, Sparks & Neal, P.C. ("Seefeldt appellees"), counsel for Boice in his capacity as trustee; Arthur Andersen & Co. and Dean Bakke ("Andersen appellees"), the accounting firm for the bankruptcy estates; Admiral Insurance Company, W.R. Berkley Corporation, and eighteen individual officers and directors of Admiral and Berkley ("Admiral appellees"); and Streich Lang, P.A. and Susan G. Boswell ("Streich Lang appellees"), attorneys for Admiral and Berkley.
 
 
 13
 Boice, the Admiral appellees, and the Streich Lang appellees were defendants in the Davidon action. Claim preclusion is properly applied to the Andersen appellees (the accountants for the bankruptcy estate) and the Seefeldt appellees (the attorneys for Boice) because they are in privity with Boice, the trustee in bankruptcy.
 
 
 14
 Privity is found where there is "a substantial identity between the issues in controversy and [a] showing [that] the parties in the two actions are really and substantially in interest the same." Lowell Staats Mining Co. v. Philadelphia Elec. Co., 878 F.2d 1271, 1275 (10th Cir.1989). The Ninth Circuit held in In re Dominelli, 820 F.2d 313 (9th Cir.1987), that a secured creditor of a bankruptcy estate was in privity with the bankruptcy trustee and was bound by the trustee's settlement of the claim of another creditor. Id. at 316-17; see also Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1278-79 (9th Cir.) (bondholder and trustee are in privity), cert. denied, 113 S.Ct. 408 (1992).
 
 
 15
 In the present case, the Seefeldt appellees are the attorneys who were appointed by the bankruptcy court to represent Boice. As attorneys, the Seefledt appellees are charged with representing the interests of Boice. Furthermore, the complaint in the present action alleges that Boice and the Seefeldt appellees were acting in concert:
 
 
 16
 Boice, Seefeldt, Neal and Seefeldt, Sparks & Neal, P.C. participated in, and facilitated, the foregoing schemes perpetrated by Admiral, Berkley and the JNC investors in order to receive large fees from the JNC-related bankruptcy estates....
 
 
 17
 Under these circumstances, Boice and the Seefeldt appellees are in privity for the purposes of claim preclusion.
 
 
 18
 The Andersen appellees are the accountants for the JNC bankruptcy estates. They note that two district courts have concluded that claim preclusion applies where conspiracy allegations which have been rejected in one action are extended to accountants in a later action. See Betances v. Quiros, 603 F.Supp. 201, 207 (D.P.R.1985); County of Cook v. Midcon Corp., 574 F.Supp. 902, 912-13 n. 6 (N.D.Ill.1983) (in RICO action, "the accountant of the corporate parties ... is in privity with them because it is alleged to be their coconspirator"), aff'd, 773 F.2d 892 (7th Cir.1985). The only factual allegations in the complaint regarding the Andersen appellees allege their complicity with the other defendants:
 
 
 19
 Arthur Andersen & Company and Bakke participated in, and facilitated, the foregoing schemes perpetrated by Admiral, Berkley and the JNC investors in order to receive large fees from the JNC-related bankruptcy estates....
 
 
 20
 These allegations are identical to the allegations with respect to the Boice and the Seefeldt appellees and demonstrate that the claims asserted against the Andersen appellees are sufficiently similar to the claims against Boice to support a finding of privity for the purposes of claim preclusion.
 
 C
 
 21
 JNC's primary argument against the application of claim preclusion is that the present action requires proof of different operative facts than in Davidon. The Ninth Circuit
 
 
 22
 appl[ies] several criteria to determine whether successive lawsuits involve a single cause of action: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.
 
 
 23
 Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.) (citations omitted), cert. denied, 459 U.S. 1087 (1982).
 
 
 24
 The Davidon complaint alleges the same Admiral-Investor Settlement Scheme, including the alleged automatic stay violations, which is the subject of the present action. Every one of the Costantini factors weighs in favor of a conclusion that the complaints in Davidon and in the present case assert the same cause of action: a judgment for JNC in this case would impair the determination that the conduct of the defendants in the JNC bankruptcy proceeding was proper, both actions involve evidence regarding the JNC bankruptcy proceedings and the conduct of the various defendants in settling claims with the investors in the JNC partnerships, both allege automatic stay violations and manipulation of the bankruptcy proceeding, and both arise out of the same nucleus of facts.
 
 
 25
 The fact that the present action alleges a RICO conspiracy while the Davidon complaint did not is irrelevant. A preclusive judgment "prevents litigation of all grounds and defenses that were or could have been raised in the [first] action." Davis & Cox, 751 F.2d at 1518.
 
 D
 
 26
 JNC also argues that the district court lacked jurisdiction over its claims in Davidon for breach of fiduciary duty by Boice because those claims should have been brought in bankruptcy court, and that therefore those claims are not precluded. We disagree. The district courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).[4]
 
 III
 
 27
 On February 10, 1992, the district court entered an order of permanent injunction providing, in relevant part:
 
 
 28
 Plaintiffs ..., their attorneys, agents, employees, officers, directors and shareholders, and anyone acting or purporting to act on their behalf or in concert with them, are hereby permanently and forever enjoined from relitigating or attempting to relitigate by filing any further complaints, suits, claims, or pleadings against any of the defendants named in [the present action and Davidon ] ... or their respective agents (including their attorneys), or any other entity in privity with the aforementioned defendants, concerning the acts, omissions, events and series of transactions related to or arising out of the matters set forth in either [the present complaint or Davidon ], including but not limited to Admiral's extension of financial accommodations to plaintiffs and plaintiffs' bankruptcy proceedings.
 
 
 29
 JNC argues that this injunction is improper because the Davidon action, contrary to our holding today, does not give rise to claim or issue preclusion.
 
 
 30
 In Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515 (9th Cir.1983), cert. denied, 465 U.S. 1081 (1984), this court stated:
 
 
 31
 The doctrines of collateral estoppel and res judicata ordinarily provide adequate assurance that one court's resolution of a controversy will be respected by other courts. Nevertheless, under the All Writs Act, 28 U.S.C. § 1651, district courts do have the power to reinforce the effects of these doctrines by issuing an injunction against repetitive litigation.
 
 
 32
 Id. at 1524. In view of the repeated filing of lengthy, frivolous complaints by JNC, the district court did not abuse its discretion by entering the injunction in the present case. See id. The injunction is structured to prevent filing only of those actions which would be barred by the preclusive effect of prior judgments. JNC has not challenged the scope of the injunction and the district court has indicated that the injunction "does not on its face, or between the lines, preclude Plaintiffs' appeals from bankruptcy court orders."
 
 IV
 
 33
 Because the district court properly dismissed JNC's claims on the merits, we reject JNC's contention that it was entitled to a preliminary injunction.
 
 V
 
 34
 All appellees except Judge Ollason request that the court award attorneys' fees and costs on appeal. Our authority to tax attorneys' fees and costs flows from Fed.R.App.P. 38 and 28 U.S.C. § 1927. Fed.R.App.P. 38 provides: "If a court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Such damages may include attorneys' fees. United States ex rel. Bartec Indus. v. United Pacific Co., 976 F.2d 1274, 1280 (9th Cir.1992); Newton v. Uniwest Financial Corp., 967 F.2d 340, 347-48 (9th Cir.1992). 28 U.S.C. § 1927 provides:
 
 
 35
 Any attorney ... in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.
 
 
 36
 Sanctions under § 1927 require a showing of bad faith. Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir.1986). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." Id. at 860 (citations omitted).
 
 
 37
 In affirming the district court's dismissal of the Davidon complaint, a panel of this court imposed a sanction of double costs on JNC. Jenkins v. Davidon, No. 91-15371, Memo. at 6 (9th Cir. Feb. 10, 1992). JNC has continued to deluge the federal courts with frivolous complaints and appeals. We find that this appeal is frivolous, that it constitutes an unreasonable multiplication of proceedings, and that JNC's attorney, Donald Gabriel, knowingly or recklessly pursued this frivolous appeal. Therefore, we order pursuant to 28 U.S.C. § 1927 that Gabriel, personally and without compensation out of the JNC bankruptcy estates, pay the attorneys' fees and costs on appeal of all appellees except Judge Ollason.
 
 
 38
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellants are identified collectively as "JNC." References to "The JNC Companies" are to the company itself
 
 
 [2]
 JNC does not argue that Count Two of its complaint, regarding declaratory relief, should not have been dismissed as to Ollason
 
 
 [3]
 The parties primarily use the traditional term "res judicata." We use the term "claim preclusion" to avoid the confusion that can arise from the fact that "res judicata" is sometimes used generically to refer to both claim preclusion and issue preclusion (collateral estoppel)
 
 
 [4]
 We also reject JNC's argument that issue preclusion, rather than claim preclusion, is the applicable doctrine on this appeal. For the reasons set out above, the broader doctrine of claim preclusion applies