996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re The JNC COMPANIES, and related cases, Debtors.
David Randall JENKINS; the JNC Companies, an Arizona
corporation, Appellants,
v.
ADMIRAL INSURANCE COMPANY, a Delaware corporation; Fred T.
Boice, in his official capacity as Trustee in
Bankruptcy, Appellees.
 No. 92-16273.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1993.*
Decided June 30, 1993.
 
 1
 Before: GOODWIN, NORRIS and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 David Randall Jenkins and The JNC Companies (collectively "JNC") appeal the district court's dismissal of their appeal from various orders of the bankruptcy court relating generally to confirmation of the bankruptcy plan in their consolidated bankruptcy proceedings. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * This appeal arises out of the consolidated bankruptcy proceedings in Bankruptcy Court for the District of Arizona of Jenkins, The JNC Companies, and various partnerships which they established. The bankruptcy court confirmed appellee trustee Fred T. Boice's plan of liquidation on September 25, 1991. On December 4, 1991, appellee Admiral Insurance Company filed a motion to compel implementation of the plan. The bankruptcy court entered a judgment and order implementing the plan on December 27, 1991.
 
 
 5
 JNC appealed to the district court and filed an opening brief naming Admiral and Boice as appellees. The district court dismissed the appeal with prejudice on June 8, 1992 and entered judgment on June 11, 1992. This timely appeal followed.
 
 II
 
 6
 JNC's notice of appeal lists nineteen orders of the bankruptcy court which were "subsumed into the District Court's June 11, 1992 final judgment." JNC makes no argument on appeal regarding any bankruptcy court orders other than the December 28, 1990 order denying JNC's motion regarding disqualification of the bankruptcy judge and the December 27, 1991 Judgment and Order Implementing Plan and accompanying Findings of Fact and Conclusions of Law. JNC has abandoned any claim of error with respect to those rulings which it does not address. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988).
 
 III
 
 7
 and
 
 
 8
 JNC argues that the bankruptcy court's order implementing the liquidation plan is invalid because of automatic stay violations by Admiral and various misconduct in the bankruptcy proceedings by Admiral and Boice. These claims are barred by the preclusive effect of the final judgment in Jenkins v. Davidon, No. CV-90-00305-WDB (D.Ariz.).
 
 
 9
 "The doctrine of 'claim preclusion' bars the relitigation of a claim, even if the particular theories of recovery or defenses raised in the second proceeding were not actually litigated in the first action." Shaw v. California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 605 (9th Cir.1986). The requirements of claim preclusion are (1) a "final judgment on the merits ... (2) between the same parties ... (3) over the same cause of action." Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518 (9th Cir.1985).
 
 
 10
 First, the district court's dismissal in Davidon for failure to comply with Fed.R.Civ.P. 8 was a dismissal on the merits. Under Fed.R.Civ.P. 41(b), a dismissal "[f]or failure of the plaintiff ... to comply with [the Federal Rules of Civil Procedure] ... operates as an adjudication upon the merits." See also Costello v. United States, 365 U.S. 265, 286 (1961) (same). Second, all of the parties to the instant appeal were parties in Davidon. Third, the claims raised by JNC here present the same cause of action as in Davidon because they "arise out of the same transactional nucleus of facts" regarding misconduct in the JNC bankruptcy proceedings. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.), cert. denied, 459 U.S. 1087 (1982).
 
 B
 
 11
 JNC argues that the bankruptcy court lacked jurisdiction to enter judgment in this case because the district court had withdrawn the reference to the bankruptcy court of the adversary complaint in Jenkins v. Ollason (Ollason II ), No. CV-91-00529-WDB (D.Ariz.). JNC's argument fails because the fact that the district court withdrew the reference in Ollason II did not mean that jurisdiction was also withdrawn in this case. Furthermore, the district court eventually denied JNC's withdrawal request with respect to the plan implementation motion.
 
 
 12
 JNC also argues that the bankruptcy court lacked jurisdiction over the plan implementation motion because adjudication of that motion required consideration of JNC's RICO claims. JNC contends that the bankruptcy court lacks jurisdiction to consider RICO claims and that it was improper for the bankruptcy court to consider the claims when the same claims were being adjudicated by the district court in Ollason II. This argument fails because the RICO claims were already barred by the claim preclusive effects of Davidon. Therefore, the bankruptcy court did not, and was not required to, consider those claims. The bankruptcy court's jurisdiction was thus unaffected by JNC's already-precluded RICO claims.
 
 C
 
 13
 JNC further contends that Admiral's motion to compel implementation of the plan was a non-core proceeding which the bankruptcy court was without jurisdiction to adjudicate. We disagree. Core proceedings include "matters concerning the administration of the estate," 28 U.S.C. § 157(b)(2)(A), and "other proceedings affecting the liquidation of the assets of the estate," 28 U.S.C. § 157(b)(2)(O). The motion to compel implementation was well within these provisions.
 
 D
 
 14
 JNC also argues that the bankruptcy court abused its discretion in granting the motion to compel implementation, in view of various misconduct by Boice and Admiral. This alleged misconduct "arise[s] out of the same transactional nucleus of facts," Costantini, 681 F.2d at 1202, as the alleged misconduct in Davidon. JNC's argument therefore fails because it advances no challenges to the bankruptcy court's decision which are not precluded by the judgment in Davidon.
 
 IV
 
 15
 JNC also argues that Bankruptcy Judge Lawrence Ollason erred by failing to recuse himself sua sponte because his involvement in The JNC Cos. v. Ollason (Ollason I ), No. CV-91-00265-WDB (D.Ariz.) might have caused his impartiality to be questioned, 28 U.S.C. § 455(a), and because he could have been a material witness in Ollason II, 28 U.S.C. § 455(b)(5)(iv). The actions in Ollason I and Ollason II were properly dismissed for the reasons stated in our decisions filed today. A litigant may not file frivolous lawsuits against a judge and then assert those actions as a basis for disqualification. See United States v. Studley, 783 F.2d 934, 939-40 (9th Cir.1986). The bankruptcy judge did not err in failing to recuse himself.
 
 V
 
 16
 The appellees request that the court award attorneys' fees and costs on appeal. Our authority to tax attorneys' fees and costs flows from Fed.R.App.P. 38 and 28 U.S.C. § 1927. Fed.R.App.P. 38 provides: "If a court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Such damages may include attorneys' fees. United States ex rel. Bartec Indus. v. United Pacific Co., 976 F.2d 1274, 1280 (9th Cir.1992); Newton v. Uniwest Financial Corp., 967 F.2d 340, 347-48 (9th Cir.1992). 28 U.S.C. § 1927 provides:
 
 
 17
 Any attorney ... in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.
 
 
 18
 Sanctions under § 1927 require a showing of bad faith. Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir.1986). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." Id. at 860 (citations omitted).
 
 
 19
 In affirming the district court's dismissal of the Davidon complaint, a panel of this court imposed a sanction of double costs on JNC. Jenkins v. Davidon, No. 91-15371, Memo. at 6 (9th Cir. Feb. 10, 1992). JNC has continued to deluge the federal courts with frivolous complaints and appeals. We find that this appeal is frivolous, that it constitutes an unreasonable multiplication of proceedings, and that JNC's attorney, Donald Gabriel, knowingly or recklessly pursued this frivolous appeal. Therefore, we order pursuant to 28 U.S.C. § 1927 that Gabriel, personally and without compensation out of the JNC bankruptcy estates, pay the appellees' attorneys' fees and costs on appeal.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3