Terry W. PRATT, Plaintiff,

and

William B. Phillips; Linda S. Mitlyng, Appellants,

v.

State of CALIFORNIA; Department of Corrections; James Gomez, individually; David Tristan, individually; Steven Cambra, individually; Eddie Myers, individually, Defendants–Appellees.

and

Michael H. Carillo; T. Newton, Captain, individually; Trevino, Lt., Defendants.

No. 99–16705.

D.C. No. CV 95–05856–REC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided April 4, 2001.

Before GOODWIN, HUG, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

William B. Phillips and Linda S. Mitlyng, former counsel for a plaintiff, Terry W. Pratt, in an employment discrimination case, appeal the district court's orders awarding attorney's fees to defendants pursuant to 28 U.S.C. § 1927. They argue that they should not be held jointly and severally liable for the fees, when the sanctionable conduct was that of their co-counsel, Richard Hale. Moreover, they argue that the amount of fees awarded was unreasonable and that the district court should have granted their counter-motions for costs and attorney's fees against the defendants. We affirm.

### Bad faith

The district court did not abuse its discretion in awarding $4610 .00 against all three of Pratt's attorneys. Section 1927 sanctions "must be supported by a finding of subjective bad faith." *In re: Keegan Mgmt. Co., Securities Litigation*, 78 F.3d 431, 436 (9th Cir.1995) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.1989)). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir.1986)). For sanctions to apply under 28 U.S.C. § 1927, "if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *Id.*

A filing is frivolous if it "is *both* baseless *and* made without a reasonable and competent inquiry." *Id.* at 434. Although the district court did not explicitly make a finding of frivolity or of intent to harass, it did so implicitly with respect to plaintiff's counsels' "actions and inactions ... concerning the motions to compel deposition testimony." It quoted *In re Keegan*'s language on 28 U.S.C. § 1927's requirement of "bad faith," in the form of recklessness combined either with frivolity

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

or an intent to harass, and then explained that it found support for the imposition of sanctions in:

> counsels' failure to even respond to the requests for position statements; the inconsistent positions taken by counsel (finally stating that they had no opposition to the deposition questions and then, the next day, stating that they did); not providing any written opposition to motions to compel; [and variously arguing] the merits of the motions.

This language indicates that the district court found bad faith on the part of Pratt's counsel. There was evidence to support the finding.

Joint and Several Liability

■ The district court did not err in holding Mitlyng and Phillips jointly liable with Hale for attorney's fees and costs. Mitlyng and Phillips argue that "the conduct giving rise to the motions to compel the deposition testimony of plaintiff and Tony Smith resulted solely from the conduct of those attorneys who appeared at the depositions," in particular their cocounsel Hale. Citing *Bonilla v. Volvo Car Corp.*, 150 F.3d 88 (9th Cir.1998), they contend that the court cannot hold them "vicariously liable" for the actions of their co-counsel. However, *Bonilla* is distinguishable from this case. In *Bonilla*, the district court levied attorney's fees against a co-defendant, Gonzalez, for the conduct of another co-defendant, Volvo. *See id.* at 93. The appeals court objected to the district court's failure to give the Gonzalez defendants notice and opportunity to defend themselves. *See id.* Moreover, it objected to the joint imposition of attorney's fees simply because the two defendants had presented a "joint defense," a term that the appeals court deemed too vague to be useful. *See id.*

Here, by contrast, Phillips, Mitlyng, and Hale represented the same defendant, Pratt. Phillips and Mitlyng were counsel of record at the time of the depositions. They were copied on all correspondence relating to discovery, and attended telephonically and argued the June 8 hearing on the motions to compel, at which the magistrate judge decided to award attorney's fees to the defendants. Mitlyng and Phillips maintain that they did not argue the merits of the motions to compel at the June 8 hearing. This argument is unsupported by the transcript of the hearing. Mitlyng and Phillips argued against the significance, relevance, and admissibility of the information sought by the depositions.

Phillips and Mitlyng also contend that they did not take inconsistent positions, because the inconsistencies arose out of Hale's conduct. They appear to argue that because they are independent practitioners with offices in different cities, they could not be expected to put up a unified front. They claim that they "were aghast when they were told by Mr. Hale what had transpired at the Tony Smith deposition, and explicitly informed Mr. Hale that there was no valid objection to the line of questioning by defendant's counsel." According to Phillips and Mitlyng, they responded to this news by faxing a letter to defense counsel to convey "the agreement that had come out of the three way meeting of all plaintiff's counsel," but that three days later Hale faxed a letter to defense counsel "in which he unilaterally revoked all attempts by appellants to repair the damage caused by Mr. Hale's ill conceived objections." It is not clear from the record whether Phillips and Mitlyng received copies of Hale's fax. They did not write any other letters to defense counsel to indicate that the position taken by Hale did not correspond with their own. Moreover, they listened and did not interject when Hale argued his position on discovery at the June 9 hearing.

Phillips and Mitlyng's argument that they did not "fail to respond" to requests for position statements, because the defendants never requested position statements, is meritless. They fault the defendants for failing to comply with the requirements of Local Rule 37–251, because they failed to arrange a conference with Pratt's counsel. EDLR 37–251. They maintain that defense counsel "refused to provide plaintiff's counsel with their LR 37–251 proposed joint stipulation so that plaintiff's counsel could respond to it." However, the defendants refute this claim with the statement of Kathleen Kelly, an attorney for the defendant, in which she discusses attempts to get position statements from all of plaintiff's counsel, and a copy of a fax to Mitlyng, with copies sent to all plaintiff's counsel, confirming that they would send Kelly position statements. Mitlyng and Phillips do not address these pieces of evidence.

Due Process

■ Finally, Phillips and Mitlyng contend that their rights to due process were violated when they were fined without a hearing. Rule 37(a)(4), which governs the imposition of sanctions when the court grants a motion to compel, requires that a party or attorney be given an "opportunity to be heard."[2] The court awarded attorney's fees and costs at the June 8 hearing on the motion to compel, in which Phillips and Mitlyng participated by telephone. The district court also conducted a telephonic hearing on June 12, 1998, on the defendant's Ex Parte Application, which sought an order to compel Pratt's counsel to pay $4610.00. Hale appeared at the hearing and stated that the plaintiff wished to file a motion for reconsideration and a motion to challenge attorney's fees. The Magistrate ordered that the motions be filed within thirty days. Hale filed neither the motion for reconsideration nor the motion challenging attorney's fees. After the thirty days elapsed, Hale requested an extension due to health problems, and the Magistrate Judge stayed the issue of the payment of attorney's fees to the pre-trial conference of April 24, 1999. However, the pre-trial conference never occurred, because the court granted summary judgment for the defendant. On May 24, 1999, the court held a hearing to address the issue of attorney's fees and sanctions, at which Phillips argued for the plaintiff. His argument matched the argument he makes now that Hale acted alone in thwarting discovery and that Mitlyng and he had not been aware of Hale's acts. Thus, Pratt's counsel were given ample opportunity to dispute the award.

Therefore, the district court did not violate Phillips's and Mitlyng's right to due process. Nor can we say that its findings on Phillips's and Mitlyng's involvement in the motion to compel were clearly erroneous. The district court also did not abuse its discretion in deciding that they showed bad faith through their conduct related to the motion to compel.

Reasonableness of the Fees and Costs

■ "When the sanctions award is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees." *In re Yagman*, 796 F.2d 1165,

---

2. Fed.R.Civ.P. 37(a)(4) states: "If the motion is granted ... the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

1184–85 (9th Cir.1986). The court must make some evaluation of the fee breakdown submitted by counsel. *See id.* at 1185. The court should consider "not actual expenses and fees but those the court determines to be reasonable." *Id.*

■ Phillips and Mitlyng argue that the attorney's fees involved were unreasonable because the defendant's counsel failed to mitigate damages. Although the defendants had a duty to mitigate damages, *see id.*, Phillips and Mitlyng do not succeed in showing that they transgressed this duty. First, Phillips and Mitlyng argue that the defendants should have agreed to depositions by phone. Phillips and Mitlyng do not cite, nor have we found, any authority for the claim that a party must agree to telephonic depositions. Their dispute as to the itemized cost is similarly baseless. Phillips and Mitlyng claim that the time charged by defense counsel for driving to Fresno was excessive, but failed to account for any time waiting at the courthouse or preparing for the trip. They likewise claim that the defense counsel billed excessively when it billed 2.2 hours "for attending a hearing which in actuality took all of the other participants, including the court, a total of no more than one half hour to complete." Again, Phillips and Mitlyng do not account for preparation time spent on the hearing. The defendants' itemized list of their fees and costs was reasonable.

■ The district court also did not abuse its discretion in denying Mitlyng and Phillips's counter-motions for fees and sanctions. The Court ruled against the defendants' requests for fees covering the defense of the entire case. However, it noted that it did not believe the motions to be frivolous:

The court does not view defendants' motion as baseless or brought for the purpose of harassing Mr. Phillips and Ms. Mitlyng. The history of this case … establishes that very plausible arguments for the imposition of sanctions and attorneys' fees on Mr. Phillips and Ms. Mitlyng, Mr. Hale and plaintiff exist. Whether defendants or to what extent defendants succeeded with these motions is not the point.

The district court was correct in denying Phillips's and Mitlyng's Rule 11 motion against the defendants for having brought a Rule 11 motion after summary judgment, despite the Ninth Circuit's decision barring such a motion in *Barber v. Miller,* 146 F.3d 707, 711 (9th Cir.1998). The defendants claimed that they were not aware of *Barber* when they filed their motion, and promptly withdrew their motion.[3] Under the FRCP 11(c)(1)(A) safe harbor, Rule 11 sanctions will not issue if the filing that is the target of the Rule 11 motion is withdrawn within twenty-one days of service. *See Barber,* 146 F.3d at 710. There is no evidence of bad faith on the part of the defendants here, and, therefore, the district court did not abuse its discretion in denying sanctions of attorney's fees and costs based on the defendants' withdrawn Rule 11 motion.

AFFIRM.

---

**3.** The appellants served their Rule 11 motion on the defendant-appellees on April 23, 1999, SER 340, and the latter withdrew their Rule 11 motion on April 28, 1999. SER 380.