**Ronald D. NIELSEN, Plaintiff,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Unum Group Corporation, Catholic Health Initiatives, Catholic Health Initiatives Plan, and Franciscan Health System, Defendants.**

**Case No. C13–01717RSM**

United States District Court,
W.D. Washington,
at Seattle.

Signed February 1, 2016

---

Counsel for Plaintiff: T. Jeff Keane

Counsel for Defendant: D. Michael Reilly and Charlie Huber, Lane Powell PC., Seattle, WA

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1927

RICARDO S. MARTINEZ, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter comes before the Court on Defendant Unum Life Insurance Company of America ("Unum")'s Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927. Dkt. # 84. Defendant Unum addresses its Motion solely against Plaintiff's attorney, Jeff Keane. *Id.* Unum argues that Mr. Keane "has driven up defense costs and attempted to coerce an economic settlement by unreasonably, and repeatedly, raising numerous meritless claims.... Includ[ing] the filing of three 40-page complaints.... forc[ing] Unum to incur significant and unnecessary expense...." *Id.* at 2. Plaintiff opposes the motion, arguing that his claims were not made in bad faith. *See* Dkt. # 87. The Court agrees with Defendant that sanctions are warranted against Mr. Keane for the reasons set forth herein, and therefore GRANTS IN PART Defendant's motion.

## II. BACKGROUND

The Court has previously set forth the background of this case in its Order on Defendants' first motion to dismiss, and incorporates it by reference herein. *See* Dkt. # 41.

## III. DISCUSSION

### A. Sanctions Under 28 U.S.C. § 1927

■■■ Unum has moved for sanctions against Mr. Keane under 28 U.S.C. § 1927. Section 1927 provides that:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 sanctions require a bad faith finding. *See Soules v. Kauaians for Nukolii Campaign Comm.*, 849 F.2d 1176, 1185 (9th Cir.1988). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument...." *Id.* at 1185–86 (quoting *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir.1986)). "Tactics undertaken with the intent to increase expenses... or delay... may also support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir.1989) (internal citations omitted).

Unum begins by detailing the numerous pleadings and motions to dismiss on the docket. Unum highlights that Plaintiff's original Complaint, filed in King County Superior Court, was 39 pages long, alleged 11 causes of action, and specifically alleged that ERISA did not apply. Dkt. # 84 at 2–3 (citing Dkt. # 1). Unum has contended since filing its Answer that Plaintiff's suit is governed by ERISA and that state law claims were improper. *See* Dkt. # 6 at 15. On November 7, 2013, Unum brought its first motion to dismiss. Dkt.

# 20. On September 2, 2014, the Court entered an order granting Rule 12(b)(6) dismissal of nearly all of the claims from the Amended Complaint. Dkt. # 41. The Court invited Plaintiff to amend his complaint to cure specifically-identified deficiencies. *Id.,* 17–18. On September 12, 2014, Plaintiff filed his Second Amended Complaint. Dkt. # 42. This Second Amended Complaint was 40 pages long with nine causes of action, including breach of fiduciary duty, state law insurance bad faith, Consumer Protection Act violations, and Insurance Fair Conduct Act ("IFCA") violations. *Id.* On October 16, 2014, Unum moved to dismiss the fiduciary duty and CPA claims. Dkt. # 47. The Court granted Unum's motion and dismissed these claims on March 26, 2015. Dkt. # 61. In that Order, the Court noted that "Plaintiff fails to cite a single case in which a third-party administrator was deemed to have a fiduciary duty in a situation such as the instant matter," *id.* at 3, and "Plaintiff's [CPA] allegation reveals that he is really asserting a breach of contract claim specific to his denial of benefits," *id.* at 4.

After an unsuccessful mediation to deal with the remaining claims, Unum moved for partial summary judgment seeking dismissal of Plaintiff's state insurance bad faith and IFCA violations. Dkt. # 75. In response, Plaintiff filed a "Non–Opposition" in which he "elected not to oppose the motion" to "obviate the need for the Court's consideration of this matter and to avoid unnecessary expense for the parties." Dkt. # 81 at 3. The Court granted Unum's motion for partial summary judgment and dismissed Plaintiff's remaining non-ERISA claims. Dkt. # 83. The only remaining claim Plaintiff has against Unum is under ERISA—a situation predicted and argued by Unum for more than two years of litigation. Dkt. # 6 at 15.

Unum argues that three of its motions (Dkt. # # 20, 47, and 75) should not have been necessary, that all of Plaintiff's claims against Unum other than his ERISA claim have been dismissed, and that Plaintiff's attorney "knew from the outset [that] this was the only potentially viable claim." Dkt. # 84. Unum points to evidence that Mr. Keane was informed in 2012 that Unum was not Plaintiff's insurer. *See* Dkt. # 84 at 5. Unum points to a footnote in Plaintiff's "Non–Opposition" to Dkt. # 75 stating that "Plaintiff would likely have stipulated to the dismissal of these claims if Unum's counsel, via letter or phone call, had requested that plaintiff do so. No such request was received." *Id.* at 6 (citing Dkt. # 81 at 3). Unum contends this is evidence that Plaintiff, or more specifically Plaintiff's attorney Mr. Keane, clearly knew that his insurance bad faith and IFCA claims should have been withdrawn prior to Unum's Motion for Partial Summary Judgment. *Id.* Unum cites to *Habib v. Matson Navigation Co., Inc.,* No. C12–1906RSM, 2014 WL 4243703 (W.D.Wash. Aug. 26, 2014) as a case on point. In *Habib,* this Court found that a plaintiff's pursuit of several claims, even after that plaintiff was on notice that one of the claims was deficient, followed by offering no opposition to summary judgment dismissal of that claim, warranted sanctions under Section 1927. *Habib* at *6.

In Response, Plaintiff argues that "Unum itself expressly stated in writing that plaintiff's claim for benefits was not governed by ERISA," "Unum's current motion is merely the latest effort on its part to punish plaintiff and his counsel for having the audacity to challenge Unum's denial of plaintiff's claim," and that the instant Motion is "an attempt to bully claimants into submission." Dkt. # 87 at 2–3. Plaintiff cites to a July 10, 2013, letter from Unum to Mr. Keane where

Unum referred to Mr. Keane's arguments that ERISA did not apply and stated "we agree this claim is not governed by ERISA." Dkt. # 88 at 12. Plaintiff argues that pursuing state law causes of action was not in bad faith given this letter, and a dispute over whether Catholic Health Initiatives ("CHI") properly effected a § 410(d) election subjecting a church plan to ERISA. Dkt. # 87 at 7–8 (citing Dkt. # 41 at 6–7). This issue was ultimately decided in favor of applying ERISA by this Court. *Id.* Plaintiff further argues that his breach of fiduciary duty and CPA claims were made in good faith because it appeared that Unum was acting as "the trustee of the STD program," and because "Unum's unfair or deceptive acts in deciding whether to pay STD claims had the *capacity* to injure other participants in the STD Program in addition to plaintiff himself." Dkt. # 87 at 9–10 (emphasis in original). Finally, Plaintiff argues that his insurance bad faith and IFCA claims were asserted in good faith because Unum "had a strong financial incentive to deny plaintiff's STD claim" and because Unum waited a year to move to dismiss these claims and never asked Plaintiff to withdraw them. Dkt. # 87 at 11.

On Reply, Unum points out that the Court has already ruled that Plaintiff could not rely on an Unum employee's misstatement to change the unambiguous language of the plan under existing "well-settled" insurance law. Dkt # 41 at 7–8. Even if this were not the case, Unum points out that "[o]n October 1, 2013, Mr. Keane was specifically told that the LTD plan in this case was governed by ERISA and was provided with the documents through which CHI made that election," that Mr. Keane was provided with case law establishing that ERISA applied, and that he was asked to dismiss his state law claims and failed to do so. Dkt. # 89 at 3 (citing Dkt. # 85–1 at 13). The Reply does not address the reasonableness of Plaintiff's

legal position that CHI did not properly effect a § 410(d) election. With regard to Plaintiff's breach of fiduciary duty claim, Unum points out that Plaintiff failed to cite to a single case where such a duty was found under this fact pattern, yet fails to otherwise address the reasonableness of his position. Dkt. # 89 at 5. The Reply does not address Plaintiff's dismissed CPA claim.

█ The Court will address Unum's claim for attorneys' fees for each of its three motions in turn. First, with regard to Unum's first Motion to Dismiss, Dkt. # 20, the Court is not convinced by Plaintiff's argument that he could rely on the July 10, 2013, letter from Unum to avoid ERISA. However, because Plaintiff could conceivably pursue state law claims under his theory that CHI failed to properly elect ERISA under § 410(d), Unum has failed to meet its burden of showing that Mr. Keane knew his pleadings were meritless or so recklessly pursued them as to qualify as bad faith.

█ Second, the Court will address Unum's second Motion to Dismiss, Dkt. # 47. Although Mr. Keane's legal arguments were extremely thin for his fiduciary duty and CPA claims, the Court again finds that Unum has failed to meet its burden of showing that Mr. Keane knew his pleadings were meritless or so recklessly pursued them as to qualify as bad faith.

█ Finally, with regard to Unum's Motion for Partial Summary Judgment, Dkt. # 75, the Court finds that Plaintiff's pursuit of state insurance bad faith and IFCA violations after September 2, 2014, *does* qualify as bad faith. The record indicates that Plaintiff was on notice that Unum was not his insurer, and that CHI had elected to be subject to ERISA, yet Mr. Keane continued to repeatedly pursue claims con-

trary to these facts. Plaintiff's Response fails to adequately address the fact that Mr. Keane clearly knew that Plaintiff's insurance bad faith and IFCA claims were meritless well before Unum was forced to file its Motion. The Court rejects Plaintiff's argument that the burden was on Unum to file a motion for summary judgment sooner or to ask Plaintiff to withdraw these claims. Given all of this, and the entire history of the case, the Court finds that Mr. Keane multiplied the proceedings unreasonably and vexatiously, and that this was done by knowingly pursuing and failing to withdraw causes of action that were legally and factually deficient. As such, sanctions are warranted under 28 U.S.C. § 1927. Mr. Keane is personally liable for "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

### B. Sanctions Under the Court's Inherent Authority

Unum also moves the Court to sanction Plaintiff's counsel under its inherent authority. *See* Dkt. # 84 at 10. However, because the Court has already issued sanctions under Section 1927, it declines to do so under its inherent authority.

### IV. CONCLUSION

The Court, having considered Defendant's motion, the response and reply thereto, the attached declarations and exhibits, and the remainder of the record, hereby finds and ORDERS:

1) Defendant Unum's Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (Dkt. # 84) is GRANTED IN PART. Plaintiff's counsel shall pay to Defendant Unum monetary sanctions in the amount of Defendant Unum's reasonable attorneys' fees and costs arising from Unum's Motion for Partial Summary Judgment dated October 16, 2015 (Dkt. # 75).

2) *No later than ten (10) days from the date of this Order*, Defendant Unum shall file a Motion for Attorney's Fees, noting it for consideration *the second Friday* after filing and service of the Motion. The Motion shall be limited to six (6) pages and be supported by documentary evidence reflecting the amount of fees and costs sought. Plaintiff may file a Response no later than the Wednesday before the noting date, addressing only the reasonableness of the fees and costs requested, and limited to six (6) pages. No Reply will be necessary.