**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN EDWARDS,

        Plaintiff-Appellant,

  v.

VEMMA NUTRITION, DBA Bode Pro;
VEMMA INTERNATIONAL HOLDINGS,
INC.; TOM ALKAZIN; BETHANY
ALKAZIN; HARESH MEHTA; TARAK
MEHTA,

        Defendants-Appellees.

 and

IVAN & ASSOCIATES, P.C.; J. CLARK
LAW FIRM PLLC; IVAN & KILMARK
PLC; FLORIN VALERIU IVAN; JUSTIN
MATTHEW CLARK,

        Intervenors-Appellees,

No.   19-16448

D.C. No. 2:17-cv-02133-DWL

MEMORANDUM[*]

JOHN EDWARDS,

        Plaintiff,

 and

No.   19-17453

D.C. No. 2:17-cv-02133-DWL

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

FLORIN VALERIU IVAN,

        Appellant,

  v.

VEMMA INTERNATIONAL HOLDINGS,
INC.; TOM ALKAZIN; BETHANY
ALKAZIN; HARESH MEHTA,

        Defendants-Appellees,

 and

VEMMA NUTRITION; VEMMA
VITAMINS PTY. LIMITED; TARAK
MEHTA,

        Defendants,

IVAN & ASSOCIATES, P.C.; J. CLARK
LAW FIRM PLLC; IVAN & KILMARK
PLC,

        Intervenors.

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted November 10, 2020[**]
San Francisco, California

Before: O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In appeal No. 19-16448, Dr. John Edwards challenges the district court's dismissals of his claims against Vemma Nutrition, Vemma Holdings, H. Mehta, Tom and Bethany Alkazin, Vemma Vitamins, and T. Mehta, and its order that he pay 60% of the attorneys' fees incurred by Vemma Holdings, Haresh Mehta, and the Alkazins. In appeal No. 19-17453, Florin Ivan challenges the district court's order that he pay 20% of the attorneys' fees incurred by Vemma Holdings, Haresh Mehta, and the Alkazins. As the facts are known to the parties, we repeat them only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291.

I

By failing "to present a specific, cogent argument" with regard to any of the district court's final dismissal orders in his Opening Brief, Edwards has waived the argument that all or any such orders of dismissal were in error. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). While he attempts to revive such argument in his Response Brief, he provides no substantive argumentation as to *why* the district court's dismissals were in error. As such, Edwards has failed to provide this court with any basis to consider overturning the district court's dismissal orders. Where an appellate brief fails to provide "the contentions of the appellant . . . *and the reasons therefor*," Fed. R. App. P. 28(a)(4) (emphasis added), or where "[i]ssues raised in a brief are not supported by argument," *Leer v. Murphy*, 844 F.2d 628,

3

634 (9th Cir. 1988), it is not the place of this court to provide such argumentation on the litigant's behalf.

Irrespective of Edwards's waiver, none of the dismissals of his copyright-infringement or pendent state-law claims, for which the district court provided sound and thorough legal analysis, were error. As to Vemma Nutrition, such court properly held that the Federal Arbitration Act required it "to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). It properly dismissed all other defendants for failure to state a claim, lack of personal jurisdiction, and/or failure of service.

## II

This court lacks jurisdiction to consider whether the district court erred in awarding attorneys' fees against Edwards. While he filed a notice of appeal as to the district court's judgment dismissing the defendants, Edwards never amended such notice to appeal the district court's subsequent award of attorneys' fees. Edwards's failure so to amend destroys this court's appellate jurisdiction over the order granting attorneys' fees against him. *Hunt v. City of Los Angeles*, 638 F.3d 703, 719 (9th Cir. 2011). In any event, it does not appear that the district court abused its discretion.

## III

The district court acted within its discretion, and within its jurisdiction, when it sanctioned Ivan under 28 U.S.C. § 1927.

Such sanctions require "a showing of the attorney's . . . bad faith," which is deemed present "when an attorney knowingly or recklessly raises a frivolous argument." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). Here, the district court found that Edwards's Second Amended Complaint ("SAC") was *frivolous* as to Vemma Holdings, the Alkazins, and H. Mehta, insofar as such defendants "were all dismissed from the SAC *for the exact same reasons they were dismissed from the FAC*." It found that Ivan was *reckless* in defending the SAC, insofar as the SAC had violated the "clear, emphatic, and . . . plain" instructions of its order granting leave to amend. These factual findings, as to whether Ivan "acted recklessly or in bad faith," are not clear error and therefore not reversible. *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000). In turn, the district court did not abuse its discretion in awarding sanctions against Ivan. *Estate of Blas*, 792 F.2d at 860.

Ivan is also unavailed by his argument that the district court lacked jurisdiction to award sanctions against him after Edwards had already filed a notice of appeal. A "district court retain[s] the power to award attorney's fees after the notice of appeal from [its] decision on the merits [has] been filed." *Masalosalo by*

*Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983).

**AFFIRMED.**